**WO**                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura L. Medley, | No. CV 08-590-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Timothy Overton, | |
| Defendant. | |

Plaintiff Laura L. Medley, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On April 18, 2008, Plaintiff filed an Amended Complaint. The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

1  **II.    Statutory Screening of Prisoner Complaints**

2        The Court is required to screen complaints brought by prisoners seeking relief against
3  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.
4  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised
5  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
6  be granted, or that seek monetary relief from a defendant who is immune from such relief.
7  28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the
8  allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
9  before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
10 (*en banc*).  Plaintiff's Complaint will be dismissed without leave to amend because the
11 defects cannot be corrected.

12 **III.   Amended Complaint**

13       Plaintiff should note that all causes of action alleged in an original complaint which
14 are not alleged in an amended complaint are waived.  Hal Roach Studios v. Richard Feiner
15 & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").
16 Accordingly, the Court will consider only those claims raised in the Amended Complaint.

17       Plaintiff names Ancillary Services Commander Timothy Overton as Defendant to the
18 Amended Complaint.  Plaintiff raises three grounds for relief: (1) Plaintiff's First
19 Amendment rights were violated by Inmate Legal Services' (ILS) policy of processing
20 inmate legal mail on a "first in, first out" basis, which result in Plaintiff's legal mail being
21 delayed by five days; (2) Plaintiff's First Amendment rights were violated when, on February
22 25, 2008, an ILS employee opened her outgoing legal mail; and (3) Plaintiff's Sixth
23 Amendment rights were violated when, on February 25, 2008, an ILS employee opened her
24 outgoing legal mail.  Plaintiff seeks declaratory relief and money damages.

25 **IV.    Failure to State a Claim**

26     **A.    Count I**

27       The facts Plaintiff alleges in Count I are insufficient to support Plaintiff's allegation
28 that her constitutional rights were violated.  Plaintiff suggests that ILS should prioritize

1  inmate legal mail on some basis other than in the order it is received from inmates and that
2  because of the way ILS handles legal mail, her legal mail was delayed for five days in
3  January 2008.  Plaintiff does not allege that she was injured in any way from the five-day
4  delay nor does she allege that she has been prevented from sending legal mail.  Plaintiff's
5  allegations in Count I simply do not rise to the level of a constitutional violation and the
6  Court will dismiss Count I for failure to state a claim.

### B.  Counts II and III

In Counts II and III, Plaintiff alleges that her outgoing legal mail was opened by a staff member of ILS on February 25, 2008.

Outgoing legal mail sent by prisoners may only be opened in the presence of sending inmate, whether the correspondence relates to criminal or civil matters.  Ramos v. Lamm, 639 F.2d 559, 582 (10th Cir. 1980).  However, a single instance of inadvertent opening of legal mail outside an inmate's presence, while not to be condoned, is not actionable as a constitutional violation.  Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989); Bieregu v. Reno, 59 F.3d 1445, 1451-52 (3d Cir. 1995) (same); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (an isolated incident of opening prisoner's constitutionally protected legal mail, without any evidence of improper motive or resulting interference with the prisoner's right to counsel or to access to the courts, does not give rise to a constitutional violation).  Accordingly, the Court will dismiss Counts II and III for failure to state a claim.

## V.  Dismissal without Leave to Amend

The Court has reviewed Plaintiff's Amended Complaint and finds that the defects in the Amended Complaint cannot be cured by further amendment.  The Court will therefore dismiss the Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.33.

(3)  The Amended Complaint (Doc. #4) is **dismissed** for failure to state a claim

1 pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment
2 accordingly.
3     (4)    The Clerk of Court must make an entry on the docket stating that the dismissal
4 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).
5     DATED this 7th day of May, 2008.

_____
Mary H. Murguia
United States District Judge